United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21010
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS EDUARDO MATA-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-03-CR-226-ALL
--------------------

Before REAVLEY, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carlos Eduardo Mata-Ramirez (Mata-Ramirez) appeals his conviction and sentence for illegal reentry into the United States after deportation. He argues that the condition of supervised release prohibiting him from possessing "any other dangerous weapon" must be vacated because it is impermissibly vague and overbroad.

We interpret Mata-Ramirez's "overbreadth" argument to mean that the "any other dangerous weapon" condition violates the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement that a condition of supervised release involve "no greater deprivation of liberty than is reasonably necessary . . . to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant."  See United States v. Paul, 274 F.3d 155, 165 n.12 (5th Cir. 2001); 18 U.S.C. § 3583(d)(2); 18 U.S.C. § 3553(a)(2)(B) & (C).  Mata-Ramirez was convicted of illegal reentry after deportation and while on supervised release is prohibited from committing both federal and state crimes.  See 18 U.S.C. § 3583(d).  Under these circumstances, the "any other dangerous weapon" condition is not overbroad because it does not involve a greater deprivation of liberty than is necessary to afford adequate deterrence of criminal conduct and to protect the public form further crimes by him.  See 18 U.S.C. § 3583(d)(2); 18 U.S.C. § 3553(a)(2)(B) & (C).

As to Mata-Ramirez's vagueness challenge, this court has held that "[c]onditions of probation 'may afford fair warning even if they are not precise to the point of pedantry.  In short, conditions of probation can be written -- and must be read -- in a *commonsense way*.'"  See Paul, 274 F.3d at 167 (citation omitted; emphasis added).  When the definition of a "dangerous weapon" is read in the requisite commonsense manner, this definition reflects that intent to cause harm is required in order to characterize as a dangerous weapon an instrument which

is not dangerous when used in its customary manner.  <u>Id.</u>; <u>see also</u> U.S.S.G. § 1B1.1, comment. (n.1(d)) (2002).

Mata-Ramirez also argues that the "felony" and "aggravated felony" provisions of 21 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Mata-Ramirez raises an issue that he concedes is foreclosed, but he seeks to preserve it for further review.

This argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  We must follow the precedent in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Accordingly, Mata-Ramirez's conviction and sentence are AFFIRMED.